UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

PHILIP S. PALMERI, Individually
and as Administrator of the Estate of
TRACEY L. PALMERI, Deceased,

                    Plaintiff,

    vs.

NL INDUSTRIES, INC.,

                    Defendant.

_____

Civil Action No.: 1:24-cv-00556

## PLAINTIFF'S MEMORANDUM OF LAW
### IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

STAMM LAW FIRM

Brian G. Stamm, Esq.
Attorneys for Plaintiff
1127 Wehrle Drive, Suite 100
Williamsville, NY 14221
(716) 631-5767

HARTER SECREST & EMERY LLP

John G. Horn, Esq.
Attorneys for Plaintiff
50 Fountain Plaza, Suite 1000
Buffalo, New York 14202
(716) 844-3728

TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

ARGUMENT ...................................................................................................................... 2

   I.    PLAINTIFF'S CLAIMS ARE TIMELY. ..................................................................... 2

        A.   NY CPLR 214-C(2) ...................................................................... 4

        B.   NY CPLR 214-C(4) ...................................................................... 6

        C.   NY EPTL § 5-4.1(1) .................................................................... 10

   II.   THE COMPLAINT MEETS THE IQBAL/TWOMBLY REQUIREMENTS AND STATES
          CLAIMS UPON WHICH RELIEF CAN BE GRANTED. ................................................ 10

        A.   EACH CAUSE OF ACTION STATES A CLAIM UPON WHICH RELIEF CAN BE
             GRANTED. ................................................................................ 12

             i.    PLAINTIFF HAS STATED A CLAIM FOR STRICT LIABILITY. ................... 12

             ii.   PLAINTIFF HAS STATED A CLAIM FOR NEGLIGENCE. ......................... 15

             iii.  PLAINTIFF HAS STATED A PRIVATE NUISANCE CLAIM. ..................... 16

             iv.  PLAINTIFF HAS STATED A TRESPASS CLAIM. .................................... 17

CONCLUSION .................................................................................................................. 19

TABLE OF AUTHORITIES

PAGE(S)

CASES

*Abbatiello v. Monsanto Co.*,
   522 F. Supp. 2d 524 (S.D.N.Y. 2007) .......................................................................13, 16, 18

*Andres v. Town of Wheatfield*,
   No. 1:17-cv-00377, 2020 U.S. Dist. LEXIS 244884
   (W.D.N.Y. Dec. 30, 2020) ...............................................................................................13, 14

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .............................................................................................................3, 10

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .............................................................................................................3, 10

*Bloomingdales, Inc. v. New York City Tr. Auth.*,
   13 N.Y.3d 61 (2009) ................................................................................................................17

*DiFolco v. MSNBC Cable L.L.C.*,
   622 F.3d 104 (2d Cir. 2010) ...................................................................................................11

*Freier v. Westinghouse Elec. Corp.*,
   303 F.3d 176 (2d Cir. 2002) .....................................................................................................9

*Glod v. Morrill Press Div. of Engraph, Inc.*,
   168 A.D.2d 954 (4th Dep't 1990) ..........................................................................................5, 6

*Hill v. Norlite, LLC*,
   No. 1:21-cv-439, 2022 U.S. Dist. LEXIS 83014
   (N.D.N.Y. May 9, 2022) ...........................................................................................................14

*Nonnon v. City of New York*,
   32 A.D.3d 91 (1st Dep't 2006) ...................................................................................................8

*Read v. Corning Inc.*,
   351 F. Supp. 3d 342 (W.D.N.Y. 2018) .....................................................................................15

*Roman v. Radio Frequency Company, Inc.*,
   207 A.D.2d 1012 (4th Dep't 1994) .............................................................................................6

*Scheidel v. A.C. & S., Inc.*,
   258 A.D.2d 751 (3d Dep't 1999) ................................................................................................9

*Scherrer v. Time Equities*,
   218 A.D.2d 116 (1st Dep't 1995) ...............................................................................................6

*Schnall v. Marine Midland Bank*,
    225 F.3d 263 (2d Cir. 2000)............................................................................4

*Town of New Windsor v. Avery Dennison Corp.*,
    No. 10-CV-8611 (CS), 2012 U.S. Dist. LEXIS 27264
    (S.D.N.Y. Mar. 1, 2012) ............................................................................13

## STATUTES, RULES & OTHER AUTHORITIES

Fed. R. Civ. P. 8 ............................................................................................10

Fed. R. Civ. P. 8(a)(2)..............................................................................10, 12

Fed. R. Civ. P. 8(d)(3)...................................................................................14

Fed. R. Civ. P. 9(b) .......................................................................................12

Fed. R. Civ. P. 12(b)(6)...............................................................................1, 3

NY CPLR 214-b ..............................................................................................3

NY CPLR 214-c ...........................................................................................3, 5

NY CPLR 214-c(2).................................................................................3, 4, 5, 6

NY CPLR 214-c(4)................................................................................... *passim*

NY CPLR 214-i ...............................................................................................3

NY CPLR 215 .................................................................................................3

NY Estates, Powers and Trusts Law § 5-4.1(1)........................................4, 10

**PRELIMINARY STATEMENT**

Plaintiff Philip S. Palmeri ("Plaintiff" or "Mr. Palmeri") and his wife, Tracey L. Palmeri

("Decedent" or "Mrs. Palmeri"), moved into their home at 789 Upper Mountain Road in

Lewiston, New York (the "Palmeri Property"), in September 2011. They lived there

continuously until September 2021, when they were displaced from their home because the

United States Environmental Protection Agency ("USEPA") had commenced removal of

radioactive waste discovered on their property.

Mrs. Palmeri was initially diagnosed on January 23, 2018, with Stage 1 breast cancer

following a breast MRI and subsequent biopsies. Following a hopeful period of remission from

February 2018 until August 2020, the cancer returned and killed her on April 25, 2022.

In its Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure ("Fed. R. Civ. P."), Defendant NL Industries, Inc. ("Defendant" or "NLI")

erroneously contends that the statute of limitations on Plaintiff's claims for property damage

began to run no later than October 2017 with the filing of a complaint in a different lawsuit with

different allegations against different defendants. Similarly misplaced are Defendant's

contentions that the survivor action for personal injuries on behalf of Mrs. Palmeri for damages

stemming from her breast cancer diagnosis began to run on the date the Plaintiff learned of her

breast cancer in December 2017.

Instead of the false timeliness markers NLI would have this Court seize upon, the Court

should take note of the following dates, which are determinative of whether Mr. Palmeri's claims

are timely:

- October 22, 2020 – Mrs. Palmeri is advised for the first time that she has metastatic

  breast cancer that has spread to her liver, bones, and lymph nodes.

- September 2021 – Health care providers at Roswell Park Comprehensive Care Center inform Mr. and Mrs. Palmeri for the first time that Mrs. Palmeri's cancer was likely caused by environmental conditions.

- April 25, 2022 – Mrs. Palmeri dies as direct result of metastatic adenocarcinoma of the breast and locoregional breast cancer.

- September 2023 – Mr. Palmeri learned that the USEPA's mineralogical fingerprinting and analysis performed on the radioactive waste that was removed from the Palmeri Property showed that the material was generated by NLI.

Taken together, these dates establish that Mr. Palmeri's wrongful death case is timely because it was brought within five years of her being diagnosed with the cancer that killed her, within two years of her death, and within one year of Mr. Palmeri's learning that NLI generated the radioactive waste believed to have caused his late wife's cancer.

The Court should deny NLI's Motion to Dismiss for the separate and independent reason that Plaintiff has adequately pled a claim for wrongful death and related property torts under the *Iqbal/Twombly* standards. As set forth below, the Complaint amply sets forth plausible allegations sufficient to state a claim for relief and give NLI notice of the harms it caused to the Palmeris. Accordingly, Mr. Palmeri should be permitted to pursue the remedies to which he and his late wife's estate are entitled under the law.

ARGUMENT

**I.   PLAINTIFF'S CLAIMS ARE TIMELY.**

Each of the causes of action asserted in the Complaint is timely. Likewise, because the underlying causes of action that form the basis for Plaintiff's wrongful death claim were viable at the time of Mrs. Palmeri's death, Mr. Palmeri may recover on a wrongful death claim, which was brought less than two years later.

2

Plaintiff's state law claims for property damage and personal injuries on behalf of his wife are subject to a three-year statute of limitations period with varying exceptions: (1) an action to recover damages for injury to property as limited by Section 214-c of New York's Civil Practice Law and Rules ("CPLR"); and (2) an action to recover damages for personal injury as limited by CPLR Sections 214-b, 214-c, 214-i, and 215.

For claims based on the "latent effects of exposure" to certain substances, the three-year limitations period begins to run at the earlier of two dates: (1) the date of discovery of the injury by the Plaintiff or (2) the date when, through the exercise of reasonable diligence, such injury should have been discovered by the Plaintiff. CPLR 214-c(2).

Section 214-c(4) provides as follows:

> Notwithstanding the provisions of subdivisions two and three of this section, where the discovery of the cause of the injury is alleged to have occurred less than five years after discovery of the injury, or when with reasonable diligence such injury should have been discovered, whichever is earlier, an action may be commenced or claim filed within one year of such discovery of the cause of the injury; provided, however, if any such action is commenced or claim filed after the period in which it would otherwise have been authorized pursuant to subdivision two or three of this section the plaintiff or claimant shall be required to allege and prove that technical, scientific or medical knowledge and information sufficient to ascertain the cause of his injury had not been discovered, identified or determined prior to the expiration of the period within which the action or claim would have been authorized and that he has otherwise satisfied the requirements of subdivisions two and three of this section.

CPLR 214-c(4).

To survive a Motion to Dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), a Complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In ruling on a Rule 12(b)(6) motion, the Court may consider documents and matters integral to Plaintiff's claims where Plaintiff had notice of that information when preparing his claims. *See, e.g.*, *Schnall v. Marine Midland Bank*, 225 F.3d 263, 266 (2d Cir. 2000).

3

Plaintiff's causes of action asserted in the Complaint are timely under CPLR 214-c(2) and under CPLR 214-c(4) because they were brought within five years of the Palmeris' discovery of Mrs. Palmeri's metastatic breast cancer and within one year of Mr. Palmeri's discovery of who caused it. Likewise, Plaintiff's wrongful death action is timely under NY Estates, Powers and Trusts Law ("EPTL") § 5-4.1(1) because he filed the Complaint within two years of his wife's death.

### A.   NY CPLR 214-c(2)

Plaintiff's claims are timely under CPLR 214-c(2). The Complaint was filed on April 25, 2024, which was within three years of the date of discovery of the injury by Plaintiff and his wife. Plaintiff was not made aware that the cause of his wife's cancer was environmentally related until they were so advised by medical providers from Roswell Park Comprehensive Care Center in September 2021, when they were being displaced from their home because the USEPA had begun removing radioactive waste from their property. In the words of Mr. Palmeri,

> It was not until the late Fall of 2021 that Tracey and I first discussed with her treating doctors and medical providers at Roswell Park Cancer Institute that the cause of Tracey's cancer, in their opinion, was environmentally related. When Tracey and I were displaced from our home in September, 2021 by the USEPA, as they began their environmental cleanup of the radioactive waste that was found on our property, we began to discuss with Tracey's treating physicians and other health care providers at Roswell Park Cancer Institute what we were going through in regards to our home. It was at that time that during her office visits at Roswell, Tracey's health care providers began to discuss with us that her cancer could be environmentally related. The Fall of 2021 was the very first time Tracey and I discovered or had knowledge that the radioactive waste that we had been living with for 10 years, since 2011, on our property was the cause of Tracey's metastatic carcinoma, the breast cancer that spread to her liver, bone, and lymph nodes.

Affidavit of Philip S. Palmeri, sworn to August 2, 2024 ("Palmeri Aff.") and attached as **Exhibit A** to the Declaration of Brian G. Stamm, dated August 1, 2024 ("Stamm Decl.") and filed contemporaneously herewith, ¶ 14; *see also id.*, ¶ 18.

In light of this discovery date of September 2021, the three-year statute of limitations embodied in CPLR 214-c(2) does not expire until September 2024.

4

At very least, the Court should recognize that when and how the Palmeris' learned of Mrs. Palmeri's fatal diagnosis is a mixed question of law and fact. *Glod v. Morrill Press Div. of Engraph, Inc.*, 168 A.D.2d 954 (4th Dep't 1990), is instructive in this regard. In *Glod*, the court discussed the enactment of CPLR 214-c and how it related to earlier caselaw to the effect that a toxic substance exposure case was timely commenced if it was brought within three years of a plaintiff's last exposure. Notwithstanding that the action had been brought more than three years after the plaintiff's filing of a workers' compensation claim, the court stated that,

> [i]n July 1986 the Legislature enacted CPLR 214-c. Prior thereto, a person injured by chemicals in the workplace was required to commence suit within three years from the date of last exposure to the hazardous substance. Under CPLR 214-c, the three year period within which an action must be commenced 'shall be computed from the date of discovery of the injury by the plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier ….' It was error, however, for Supreme Court to conclude, as a matter of law, that plaintiff discovered or should have discovered his injury on April 11, 1985. While plaintiff conceded that he filed a workers' compensation claim on or before that date, there is nothing in the record to establish conclusively that discovery of the injury occurred or should have occurred at that time. A determination of constructive discovery is a mixed question of law and fact. Where it does not conclusively appear that a plaintiff had knowledge of facts from which the injury could reasonably be inferred, the complaint should not be dismissed on motion and the question should be left to the trier of fact …. Accordingly, plaintiffs' first and second causes of action should be reinstated.

*Glod*, 168 A.D.2d at 955–56.

The Fourth Department revived plaintiff's claims for negligence and strict liability, concluding that it was error for Supreme Court to have concluded that the plaintiff discovered or should have discovered his injury in April 1985, when he filed his workers' compensation claim. There was nothing in the record to establish conclusively that discovery of injury had occurred or should have occurred at that time of the filing of his workers' compensation claim, and the causes of action for strict products liability and negligence were reinstated. *Id.*

5

Similarly in the case at bar, the Court should not conclude, as a matter of law, that Mr. and Mrs. Palmeri discovered or should have discovered their property damages or Mrs. Palmeri's injuries in October 2017, when the Talarico Resource Conservation and Recovery Act lawsuit was commenced against three entirely different defendants, or in January 2018, when Mrs. Palmeri was first diagnosed with cancer. There is nothing in the record—or in the Defendant's motion papers—that conclusively establishes that discovery of the suspected cause of Mrs. Palmeri's fatal metastatic cancer occurred or should have occurred at either time, thereby triggering the three-year statute of limitations. Such is particularly the case when there is competent evidence before the Court, in the form of Mr. Palmeri's sworn testimony, that it was not until September 2021 that it was first suggested to him and his wife that her cancer was likely caused by environmental conditions. Under these circumstances, when the CPLR 214-c(2) statute of limitations began to run is at very least an open question of fact and law, not susceptible of resolution on a pre-answer Motion to Dismiss. *See Roman v. Radio Frequency Company, Inc.*, 207 A.D.2d 1012 (4th Dep't 1994) ("Where it does not conclusively appear that a plaintiff had knowledge of facts from which the injury could be reasonably inferred … the question should be left to the trier of fact."); *see also Scherrer v. Time Equities*, 218 A.D.2d 116, 124 (1st Dep't 1995) ("Inquiry regarding the time a plaintiff discovered or could, in the exercise of reasonable diligence, have discovered a condition presents a mixed question of law and fact and, where the plaintiff's knowledge cannot be conclusively demonstrated, a motion to dismiss the complaint must be denied and the question deferred until trial.")

### B.    NY CPLR 214-c(4)

Plaintiff has also satisfied the requirements to invoke the extension set forth in CPLR 214-c(4). Plaintiff did not discover the cause of his wife's injury (personal injuries, pain and suffering, and eventual death from breast cancer) until September 2023, following the USEPA's

6

fingerprinting analysis, the results of which showed that the radioactive material on the Palmeri Property was generated by NLI. Up until that time, Mr. Palmeri did not have, and could not have had, direct knowledge of the identity of the party responsible for the radioactive material on his property. Plaintiff and his wife did not discover her injury of metastatic breast cancer and breast cancer to the liver, bone, and lymph nodes until October 22, 2020. *See* Palmeri Aff., ¶ 11 and Exhibit A thereto at page 13 of 29 ("42-year-old premenopausal female with newly diagnosed breast cancer to the liver, bone, and lymph nodes …. It was explained that she has stage IV breast cancer which is treatable but incurable.") From this evidence, it is indisputable that the discovery of the cause of the injury in September 2023 was fewer than five years after discovery of the injury in October 2020. Accordingly, Mr. Palmeri was required to commence this action within one year of September 2023, which he did by filing the Complaint in New York State Supreme Court, Niagara County, on April 25, 2024.

Defendant urges this Court to infer that the Palmeris learned of the injury at the heart of this lawsuit in December 2017, when she was first diagnosed with cancer. This is not correct. As explained in the Palmeri Affidavit, although Mrs. Palmeri was diagnosed with breast cancer on January 23, 2018, she was diagnosed with Stage 1 breast carcinoma on the right side. She then underwent successful bilateral total mastectomy surgery, returned to work as a teacher, and for the following two-and-a-half years underwent general care, treatment, and follow-up appointments to monitor her breast cancer with no significant results or changes. It was not until October 22, 2020, when further testing showed metastatic carcinoma and there was a new diagnosis of breast cancer to the liver, bone, and lymph nodes that she learned of the cancer that would cause her death six months hence. Prior to October 2020, the Palmeris were under the reasonable belief that Mrs. Palmeri's cancer had been treated and removed, "and that she would

continue to lead a healthy and happy life." Palmeri Aff., ¶ 10. Indeed, "[f]or the following 2½ years, Tracey did, in fact, continue to live a healthy and happy life and continued to work as a high school English teacher." *Id.* In short, prior to the fateful diagnosis in October 2020, she had no injury for which to bring a lawsuit.

It cannot be disputed that the USEPA did not identify NLI as the party responsible for the toxic material on the Palmeri Property until June 2023, or that the agency informed the Plaintiff's attorneys of same on August 2, 2023, or that Mr. Palmeri first learned of these results in September 2023. *See* Stamm Declaration, ¶ 4 and Exhibit B; Palmeri Aff., ¶ 19; *see also* Stamm Declaration, Exhibit C, which is the USEPA's December 5, 2023 notice letter to NLI, setting forth USEPA's belief that NLI had generated the radioactive waste that was disposed of at the Palmeri Property and that NLI had "arranged for its disposal [there]." Plaintiff did not possess the scientific knowledge to identify NLI as the generator of the radioactive material at his home and relied solely on the USEPA for this information. *See* Palmeri Aff., ¶¶ 21 and 22. Once he came to possess this knowledge and understanding, he timely commenced this action in April 2024. *Cf.*, *Nonnon v. City of New York*, 32 A.D.3d 91, 109 (1st Dep't 2006) (dismissing the case against a plaintiff who had failed to establish "that technical, scientific or medical knowledge and information sufficient to ascertain the cause of his injury had not been discovered, identified or determined prior to the expiration of the statute of limitations").

When interpreting section 214-c(4), courts have noted that "if the plaintiff discovers the cause of a toxic tort injury within five years of the discovery of the injury, the plaintiff may invoke the longer of (a) the three year period from the discovery of the injury or (b) a one year period from the discovery of the cause within which to commence an action." *Freier v.*

*Westinghouse Elec. Corp.*, 303 F.3d 176, 210 (2d Cir. 2002). For the reasons set forth above, the Court should adopt October 22, 2020, as the date of injury for purposes of CPLR 214-c(4).

Defendant properly cites *Scheidel v. A.C. & S., Inc.*, 258 A.D.2d 751 (3d Dep't 1999), for the proposition that the limitations period begins to run when a plaintiff discovered or should have discovered the "primary condition on which the claim is based." Opening Brief at 7 (quoting *Scheidel v. A.C. & S., Inc.*, 258 A.D.2d 751 (3d Dep't 1999)). Where Defendant goes astray is in setting the date on which that discovery was made two years too early. The primary condition on which Plaintiff's claims are based was metastatic carcinoma to the liver, bone, and lymph nodes, which was diagnosed on October 22, 2020.

Defendant argues in its Motion to Dismiss that CPLR 214-c(4) cannot be invoked to save this case because the Palmeris must have been put on notice of the alleged exposure to fatal radioactive waste on their property by virtue of the Talarico lawsuit, which was commenced prior to Mrs. Palmeri's initial breast cancer diagnosis in January 2018. This is wrong as a matter of fact and law. The Talarico lawsuit was brought under the federal Resource Conservation and Recovery Act to force the defendant generators of radioactive waste to remove that waste from the plaintiff properties. When it was commenced in 2017, Tracey Palmeri had not been diagnosed with cancer. When she first was diagnosed in January 2018, she believed, based on a seemingly successful surgical intervention, that she was rid of the cancer. She learned to the contrary in October 2020. But it was not until the USEPA performed fingerprinting analysis of the radioactive material on the Palmeri Property after Mrs. Palmeri's death that Mr. Palmeri would learn the identity of the company that had generated the waste he believes killed his wife. For these reasons, the limitations extension embodied in CPLR 214-c(4) is applicable.

### C.   NY EPTL § 5-4.1(1)

Plaintiff's cause of action for wrongful death is also timely. A complaint alleging

wrongful death must be filed within two years of the decedent's death. NY EPTL § 5-4.1(1). It is

indisputable that Mrs. Palmeri died on April 25, 2022, and that the Complaint was filed on

April 25, 2024. Accordingly, the statute of limitations had not expired when the Complaint was

filed. Because the underlying causes of action that form the basis for Plaintiff's wrongful death

claim were viable at the time of the Decedent's death, the Plaintiff's wrongful death claim is also

viable as the Complaint was brought within two years of the Plaintiff's death.

### II.   THE COMPLAINT MEETS THE IQBAL/TWOMBLY REQUIREMENTS AND STATES CLAIMS UPON WHICH RELIEF CAN BE GRANTED.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading must contain a "short and

plaint statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.

P. 8(a)(2). The pleading standard set forth by Rule 8 "does not require 'detailed factual

allegations'"; rather, it requires that the complaint "contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). A complaint

contains plausible claims "when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Palmeri Complaint contains sufficient factual matter to state a claim upon which

relief can be granted. Specifically, the Complaint states that "Defendant conducted industrial

operations at a manufacturing plant in Niagara Falls"; that "the relevant operations involved

processing ores, heavy beach sands, and/or other raw materials, which included the minerals

ilmenite, zircon, and rutile"; that the materials "Defendant processed contained radioactive

elements"; and that "Defendant's use of such materials in its production of titanium- and

zirconium-based products . . . generated radioactive wastes at the Niagara Falls plant."
Complaint ¶¶ 6-8.

The Complaint goes on to allege that "Defendant . . . participated in and sanctioned the indiscriminate dispersal and disposal of its radioactive wastes throughout Niagara County, including at the Palmeri Property"; that "USEPA's sampling and forensic fingerprinting analyses by MCL . . . found barium titanate powder at the Palmeri Property"; and that Defendant itself acknowledged that it "was the only producer of barium titanate powders in the United States from 1940 until the mid-1960s." Complaint ¶¶ 9, 25. These factual allegations are sufficient to allow the Court to draw the reasonable inference that Defendant is liable for the misconduct alleged.

In considering NLI's Motion to Dismiss, the Court should also take note of the exhibits attached to the Complaint, which provide additional factual matter sufficient to establish plausible claims. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) ("In considering a motion to dismiss . . . pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint.") Of particular importance is Exhibit D, a letter from the USEPA addressed to NLI, in which the EPA notifies NLI—in detail—that it is considered to be a potentially responsible party for the release of hazardous substances into the environment. Specifically, the letter states that the "EPA has reason to believe that [NLI] generated radiological contamination and arranged for its disposal at the [Palmeri Property]" (Ex. D at 2) and goes on to detail the facts and circumstances giving rise to the agency's belief (*see* Ex. D).

Given the detail and noteworthy evidentiary support embodied in the Complaint, Defendant's criticism that it has not been afforded "fair notice of what the plaintiff's claim is and

the ground upon which it rests" (Opening Brief at 11) falls flat. Nor can Defendant credibly claim that the Complaint fails because it does not allege "who was involved, when [the radioactive material] was disposed of, or how . . . NLI 'participated in and sanctioned' the dispersal of the material." Opening Brief at 12. Notwithstanding the fact that the Complaint speaks well to that very point, such level of specificity is not required by Rule 8(a)(2) in any event. *Cf.,* Fed. R. Civ. P. 8(a)(2) *with* Fed. R. Civ. P. 9(b).

In short, because Plaintiff has alleged sufficient factual background to state a claim to relief that is plausible on its face, NLI's Motion to Dismiss must be denied.

### A.   Each cause of action states a claim upon which relief can be granted.

Defendant's second argument concerning the sufficiency of the Complaint also fails because each cause of action alleged therein states a claim upon which relief can be granted.

### i.   PLAINTIFF HAS STATED A CLAIM FOR STRICT LIABILITY.

Defendant attacks the first cause of action for strict liability on three grounds. First, Defendant argues that this cause of action fails because allegations that Defendant "generated waste that was moved to the Palmeri Property" are "insufficient to state a claim given that ultrahazardousness is a property of activities, not substances." Second, Defendant seeks dismissal arguing that the Complaint does not contain allegations addressing all of the factors employed in determining whether an activity is ultrahazardous, in particular the third factor (*i.e.*, "whether the actor can eliminate the risk by exercising reasonable care."). Third, Defendant argues that this cause of action must be dismissed because reasonable care could have prevented the harm caused.

Defendant's first argument fails simply because the Complaint alleges that NLI generated radioactive waste *and* disposed of the waste that contaminated the Palmeri Property. Disposal of the radioactive waste that was dumped at and contaminated the Palmeri Property is, indeed, an

activity subject to strict liability. Thus, Defendant's reliance on one specific aspect of *Andres v. Town of Wheatfield* and an inapposite generator defendant, is misplaced. In *Andres*, the court dismissed the cause of action for strict liability against only *one of the defendants* on grounds that the complaint itself alleged that third parties directed and carried out the excavation of that defendant's waste at the original site of burial (in the infamous Love Canal), transferred that waste, and then subsequently *re-disposed* the waste in the landfill that was the subject of the litigation, all without any involvement by the defendant—the original generator of the waste— who had dumped the waste at Love Canal decades earlier. *Andres v. Town of Wheatfield*, No. 1:17-cv-00377, 2020 U.S. Dist. LEXIS 244884, at *10 (W.D.N.Y. Dec. 30, 2020). Unlike that aspect of *Andres*, the Palmeri Complaint does not allege that a third party moved the Defendant's waste from an original dump site and then re-disposed NLI's waste at the Palmeri Property without any involvement by the Defendant; to the contrary, the Complaint alleges that NLI "participated in and sanctioned the indiscriminate dispersal and disposal of its radioactive wastes throughout Niagara County, including at the Palmeri Property." Furthermore, Defendant conveniently ignores the most salient aspect of *Andres*: that all of the other defendants whose wastes were dumped at the landfill at issue in the case were not dismissed, because the Court concluded that the allegations regarding their participation in waste generation and disposal activities were sufficient to support a claim for strict liability related to the impacts of their wastes at and in the vicinity of the landfill. Therefore, Defendant's argument is unpersuasive and its Motion must be denied. *See Abbatiello v. Monsanto Co.*, 522 F. Supp. 2d 524, 532-533 (S.D.N.Y. 2007) (denying motion to dismiss where the complaint alleged that Monsanto dispersed hazardous materials in commerce, and not just that it manufactured them) (cited by Defendant).

Defendant's second argument also fails because courts do not require that the complaint allege each Restatement factor to survive a motion to dismiss. Notably, *Andres v. Town of Wheatfield*—cited in Defendant's memorandum of law—undermines NLI's argument. In *Andres*, the court stated that, "[a]lthough the [complaint] does not contain specific allegations concerning each of the Restatement factors, it need not do so in order to state a claim." *Andres*, 2020 U.S. Dist. LEXIS 244884, at *27. It is sufficient for a plaintiff to plausibly allege that a defendant engaged in an ultrahazardous activity. *See, e.g.*, *Town of New Windsor v. Avery Dennison Corp.*, No. 10-CV-8611 (CS), 2012 U.S. Dist. LEXIS 27264 (S.D.N.Y. Mar. 1, 2012) (denying motion to dismiss strict liability claim because facts in complaint plausibly favor imposition of strict liability); *Hill v. Norlite, LLC*, No. 1:21-cv-439 (BKS/DJS), 2022 U.S. Dist. LEXIS 83014 (N.D.N.Y. May 9, 2022) (allowing strict liability claim to proceed because plaintiffs plausibly alleged ultrahazardous activity).

Defendant's third argument fails as well because Plaintiff is permitted to include inconsistent and alternative allegations in the complaint. According to Defendant, "Plaintiff himself alleges [that] reasonable care could have prevented the alleged harm" because Plaintiff "pleads that Defendant 'improperly and indiscriminately disposed of' the alleged radioactive materials in a manner that was negligent and grossly reckless." Opening Brief at 14. However, Defendant cannot avail itself of this argument. Federal Rule of Civil Procedure 8(d)(3) states that "[a] party may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). These allegations are included in support of Plaintiff's negligence cause of action, a practice courts routinely allow. *See, e.g., Andres*, 2020 U.S. Dist. LEXIS 244884, at *26 ("At the pleading stage, Plaintiffs are not required to elect either a negligence or strict

liability theory of recovery . . . . [A] negligence claim against [defendant] therefore does not defeat their ability to assert a strict liability claim.").

Defendant's arguments against the first cause of action are without merit. Accordingly, the Motion to Dismiss must be denied on this score.

ii.   **PLAINTIFF HAS STATED A CLAIM FOR NEGLIGENCE.**

NLI seeks dismissal of Plaintiff's second cause of action on grounds that the "Complaint relies upon boilerplate legal conclusions that are insufficient to plausibly support the negligence claim." Opening Brief at 15. According to Defendant, the "Complaint fails to plausibly allege (i) that Defendant owed a duty of care, and (ii) that NL was negligent in any way." *Id.* These arguments cannot be squared with the plain language of the Complaint.

The Complaint alleges that "Defendant owed a duty to the Palmeris and to the general public to exercise reasonable care in preventing the disposal of its radioactive waste in a manner that would pose a danger to human health or the environment." Complaint ¶ 53. Defendant contends that the Complaint fails to plausibly allege that NLI owed a duty of care to the Palmeris because "there is no indication NL was even aware the Palmeris eventually would come to acquire the property at issue." Opening Brief at 16. In making this argument, Defendant purports to rely on *Read v. Corning Inc.* by noting that the court in that case dismissed a "negligence claim for lack of duty owed where plaintiffs alleged the defendant deposited fill many years before plaintiffs purchased the property at issue." *Id.* But it is clear that Defendant misreads *Read.*

In *Read*, the court dismissed the negligence claim because the complaint alleged that the defendant owed a duty to the plaintiffs to take steps to protect them from exposure to contaminants, while simultaneously acknowledging that the defendant was already taking those steps. *Read v. Corning Inc.*, 351 F. Supp. 3d 342, 356 (W.D.N.Y. 2018). According to the court,

while plaintiffs "may be dissatisfied with the results of that process," there were "no allegations suggesting that Corning has failed to act to remediate the subject area." *Id.* at 357. The court also rejected plaintiffs' failure-to-warn claim because the complaint did not allege that the defendant knew of the contamination but failed to disclose it to plaintiffs. *Id.*

But in this case, Mr. Palmeri alleges both that Defendant owed a duty to Plaintiff (Complaint, ¶ 54) and that Defendant breached that duty (Complaint, ¶ 54). Indeed, the Complaint contains detailed allegations of Defendant "participating in and sanctioning the indiscriminate dispersal and disposal of its radioactive wastes in a manner that posed an inherent danger to human health and the environment." Complaint ¶ 54; *see also* Complaint ¶¶ 15–47. Taking these facts as true, as the Court must, the Complaint plausibly alleges that Defendant was negligent in participating in and sanctioning the indiscriminate dispersal and disposal of contaminants at the Palmeri Property.

### iii.   PLAINTIFF HAS STATED A PRIVATE NUISANCE CLAIM.

Defendant claims that Plaintiff's private nuisance cause of action fails as a matter of law because "the requisite invasion needed to maintain a private nuisance claim does not exist." Opening Brief at 16. In this respect, Defendant argues that the radioactive material "causing the nuisance existed on the Palmeri [P]roperty itself such that the complained of nuisance does not arise from an 'invasion' from outside Plaintiff's property." Opening Brief at 18.

Fatal to Defendant's Motion is that this argument wholly ignores the fact that the radioactive material existed at the Palmeri Property because Defendant generated and disposed of the waste. Complaint ¶ 19. Under similar circumstances, courts have denied motions to dismiss because the plaintiffs have alleged that defendants caused contaminants to enter onto their land. *See Abbatiello*, 522 F. Supp. 2d at 540–541. In *Abbatiello*, for example, the plaintiffs alleged that one of the defendants "for many years released, and continues to release,

[contaminants] in the air, soil, surface water and/or groundwater in, on and/or adjacent to the plaintiffs' properties." *Id.* at 541. The court found these allegations sufficient to conclude that the defendant had caused the intrusion. *Id.* The plaintiffs also alleged that Monsanto manufactured and sold materials and products containing contaminants to the co-defendant, and that Monsanto concealed the dangers of the contaminants to the co-defendant. *Id.* The court found the allegations sufficient to support the private nuisance claim against Monsanto because it "participated to a substantial extent in creating the nuisance." *Id.*

Because the Complaint alleges that NLI generated and caused the contaminants to be dispersed and ultimately dumped at the Palmeri Property, Defendant's argument that the nuisance already existed at the property is both curious and unfounded. Accordingly, the Motion must be denied on this score.

### iv.   PLAINTIFF HAS STATED A TRESPASS CLAIM.

Defendant seeks the dismissal of the fourth cause of action on three grounds. Defendant argues that "Plaintiff was not in possession of the real property at issue at the time the wrongful entry occurred," that "Plaintiff has not identified an affirmative act by NL sufficient to maintain a trespass claim," and that the "Complaint fails to allege an intrusion onto the 789 Upper Mountain Road Property without permission." Opening Brief at 19. None of these arguments passes muster.

First, Defendant's argument that Plaintiff was not in possession of the Palmeri Property at the time of the dispersion and disposal of the radioactive material is irrelevant. The Court of Appeals has held that "a trespass that constitutes an unlawful encroachment on a plaintiff's property will be considered a continuous trespass giving rise to successive causes of action." *Bloomingdales, Inc. v. New York City Tr. Auth.*, 13 N.Y.3d 61, 66 (2009). Here, the Complaint alleges that the trespass resulted in "the unauthorized invasion of the Palmeri Property as a result

17

of the radiological impacts associated with the radioactive wastes," and that "the trespass and interference with the Plaintiff's property rights were *continuing* and *ongoing*." Complaint ¶¶ 71, 73 (emphasis added). Thus, even if the Plaintiff was not in possession of the Palmeri Property at the time the disposal occurred, the trespass was continuing and ongoing as a result of the presence of the contaminants at the property.

Second, Defendant's argument that the Complaint does not identify an affirmative act sufficient to maintain a cause of action for trespass is unpersuasive. The Complaint alleges that "Defendant intentionally participated in and sanctioned the indiscriminate dispersal and disposal of its radioactive wastes … with the immediate and inevitable consequence being the unauthorized invasion of the Palmeri Property." Complaint ¶ 71. The Complaint also alleges that NLI's "intentional acts resulted in the unauthorized invasion of the Palmeri Property and interfered with Plaintiff's exclusive possessory rights and other property rights in the Palmeri Property." *Id.* ¶ 72. These allegations are sufficient to sustain a claim for trespass. *See Abbatiello*, 522 F. Supp. 2d 541 (denying motion to dismiss where the plaintiffs alleged that the defendant's products were dangerous and were intentionally discharged, released, emitted, and migrated onto the plaintiffs' properties).

Third, Defendant's argument that there is no indication that the intrusion upon the Palmeri Property occurred without permission is inapposite. The Complaint alleges that the indiscriminate dispersal and disposal resulted in "the *unauthorized invasion* of the Palmeri Property." Complaint ¶¶ 71, 72 (emphasis added). Therefore, Defendant cannot claim that the Complaint fails to allege an intrusion without permission.

Taking all the facts as true, as the Court must in ruling on a motion to dismiss, Plaintiff has successfully pled a cause of action for trespass. Accordingly, the Motion must be denied on this score.

CONCLUSION

Defendant's Motion to Dismiss must be denied for two reasons. First, Mr. Palmeri, individually and on behalf of his late wife's estate, timely commenced this action by filing his Complaint within five years of the discovery of her fatal injury and within one year of learning the identity of the generator of the radioactive material that caused it. Second, by alleging that NLI participated in and sanctioned the indiscriminate dispersal and disposal of its radioactive wastes in a manner that posed an inherent danger to human health and the environment, which actions ultimately caused injury to and the death of Tracey Palmeri, Mr. Palmeri has sufficiently pled factual content that allows the Court to draw the reasonable inference that NLI is liable for the misconduct alleged.

Dated:   August 8, 2024
      Buffalo, New York                HARTER SECREST & EMERY LLP

By: _____
      John G. Horn, Esq.
      Franco A. Mirolo, Esq.
      *Attorneys for Plaintiff*
      50 Fountain Plaza, Suite 1000
      Buffalo, New York
      Telephone: (716) 853-1616
      E-mail: jhorn@hselaw.com

      Brian G. Stamm, Esq.
      The Stamm Firm
      1127 Wehrle Drive, Suite 100
      Williamsville, NY 14221
      E-mail: bgstamm@stammlaw.com