**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

---

PHILIP S. PALMERI, Individually
and as Administrator of the Estate of
TRACEY L. PALMERI, Deceased,

                            Plaintiff,

vs.

NL INDUSTRIES, INC.

                            Defendant.

Civil Action No.
1:24-cv-00556

---

**DEFENDANT NL INDUSTRIES, INC.'S RESPONSE TO PLAINTIFF'S OBJECTIONS
TO THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

                            **BARCLAY DAMON LLP**
                            *Attorneys for Defendant*
                            *NL Industries, Inc.*
                            The Avant Building, Suite 1200
                            200 Delaware Avenue
                            Buffalo, New York  14202-2150
                            Telephone:  (716) 856-5500
                            Email: acarroll@barclaydamon.com
                                          csnider@barclaydamon.com

**CAROL G. SNIDER,
ANDREW J. CARROLL,**
*Of Counsel*

31060658.1

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ...........................................................................................1

ARGUMENT .........................................................................................................................3

POINT I   STANDARD OF REVIEW ...............................................................................3

   a.   *Plaintiff Misstates the Standard of Review* ...................................................3

POINT II   THE REPORT AND RECOMMENDATION PROPERLY DETERMINED THAT THE "PRIMARY CONDITION" ON WHICH PLAINTIFF'S CLAIM IS BASED IS BREAST CANCER, AND THAT A METASTASIS OF THAT CANCER, AS A MATTER OF LAW, IS NOT A "SECOND INJURY" .......................................4

POINT III   THE REPORT AND RECOMMENDATION PROPERLY DETERMINED THAT DISCOVERY OF THE "CAUSE" OF ONE'S INJURY UNDER CPLR 214-c(4) REFERS TO THE SUBSTANCE THAT CAUSED ONE'S INJURIES AND NOT THE IDENTITY OF THE TORTFEASOR RESPONSIBLE FOR THE SUBSTANCE ...............................................................................................8

CONCLUSION .....................................................................................................................11

# **TABLE OF AUTHORITIES**

**Page**

**Cases**

*Baldi v. Rocky Point Union Free Sch. Dist.*,
   2022 N.Y. Misc. LEXIS 1358 (Sup.Ct. N.Y. Cnty. 2022) ......................................................... 9

*Baldwin Cty. Welcome Ctr. v. Brown*,
   466 U.S. 147 (1984) ............................................................................................................... 10

*BellSouth Telecomms. v. W.R. Grace & Co.*,
   77 F.3d 603 (2d Cir. 1996) ..................................................................................................... 10

*Brevot v. N.Y.C. Dep't of Educ.*,
   2007 U.S. Dist. LEXIS 16109 (S.D.N.Y. Mar. 5, 2007) ......................................................... 10

*Broughton v. Chrysler Corp.*,
   144 F.R.D. 23 (W.D.N.Y. 1992) ............................................................................................ 10

*Cal. Pub. Emples. Ret. Sys. v. Ebbers (In re Worldcom, Inc. Sec. Litig.)*,
   308 F. Supp. 2d 214 (S.D.N.Y. Jan. 20, 2004) ......................................................................... 9

*Carey v. IBEW Local 363 Pension Plan*,
   201 F.3d 44 (2d Cir. 1999) ..................................................................................................... 10

*Converse v. Gen. Motors Corp.*,
   893 F.2d 513 (2d Cir. 1990) ................................................................................................... 10

*DiStefano v. Nabisco, Inc.*,
   282 A.D.2d 704 (2d Dept. 2001) .............................................................................................. 5

*Eaton v. Wayne Cent. Sch. Dist.*,
   25 F. Supp. 3d 370 (W.D.N.Y. June 2, 2014) ........................................................................ 10

*Garner v. NGC Bodily Injury Trust*,
   2012 U.S. Dist. LEXIS 115878 (W.D.N.Y. Aug. 16, 2012) .................................................... 9

*Holowecki v. Fed. Express Corp.*,
   440 F.3d 558 (2d Cir. 2006) ................................................................................................... 10

*ILGWU Nat'l Ret. Fund v. Levy Bros. Frocks, Inc.*,
   846 F.2d 879 (2d Cir. 1988) ................................................................................................... 10

*IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*,
   No. 07-CV-6865-LTS-GWG, 2008 U.S. Dist. LEXIS 92267 (S.D.N.Y. Nov. 3, 2008) ............ 3

*Kao v. Erie Cmty. Coll.*,
  2015 U.S. Dist. LEXIS 79752 (W.D.N.Y. June 18, 2015) .......................................................... 10

*Kiggins v. Barnhart*,
  No. 98-CV-0204(LTS)(THK), 2004 WL 1124169 (S.D.N.Y. May 20, 2004) ........................... 3

*Marotte v. City of New York*,
  No. 16-CV-8953 (GHW), 2019 U.S. Dist. LEXIS 35091 (S.D.N.Y. Mar. 5, 2019) ................... 3

*O'Brien v. Cty. of Nassau*,
  164 A.D.3d 684 (2d Dept 2018) ............................................................................................... 5

*Olmstead v. Bayer Corp.*,
  2017 U.S. Dist. LEXIS 129222 (N.D.N.Y. Aug. 15, 2017) ...................................................... 5

*Ortiz v. Barkley*,
  558 F. Supp. 2d 444 (S.D.N.Y. June 3, 2008) .......................................................................... 3

*Petroholding Dominicana, Ltd. v. Gordon*,
  2019 U.S. Dist. LEXIS 92421 (S.D.N.Y. June 3, 2019) ......................................................... 10

*Suffolk Cty. Water Auth. v. Dow Chem. Co.*,
  121 A.D.3d 50 (2d Dept. 2014) ................................................................................................ 5

*United States v. Kubrick*,
  444 U.S. 111 (1979) .............................................................................................................. 9, 10

*Wells Fargo Bank, N.A. v. Wrights Mill Holdings*, *LLC*,
  127 F. Supp.3d 156 (S.D.N.Y. Aug. 31, 2015) ........................................................................ 9

*Wetherill v. Eli Lilly & Co. (In re N.Y. County DES Litig.)*,
  89 N.Y.2d 506 (N.Y. 1997) ...................................................................................................... 9

**Rules**

CPLR § 214-c ............................................................................................................................ 1, 9

CPLR § 214-c(2) .................................................................................................................... 1, 2, 8

CPLR § 214-c(4) ................................................................................................................. 1, 2, 8, 9

Fed. R. Civ. P. 72(b)(2) ................................................................................................................ 3

**Statutes**

Fed.R.Civ.P. 72(b)(2) ............................................................................................................. 3

28 U.S.C. § 636(b)(1)(C) ....................................................................................................... 3

**Other Authorities**

Alexander, McKinney Practice Commentary, N.Y. C.P.L.R. 214-c (2019) .................................. 9

31060658.1

**PRELIMINARY STATEMENT**

Magistrate Judge Roemer's March 12, 2025 Report and Recommendation (the "Report and Recommendation") correctly concluded that Plaintiff's claims are barred by the statute of limitations, and in doing so, correctly considered and applied the law under CPLR 214-c. The Magistrate Judge in his Report and Recommendation set forth a 20-page, systematic and comprehensive analysis of CPLR 214-c(2) and CPLR 214-c(4), the admissions in Plaintiff's own Complaint and the Affidavit of Philip Palmeri, the related case law, and ultimately applied the law as required by dismissing the Complaint as time-barred.

Plaintiff's Objections accuse Magistrate Judge Roemer of misapplying the law on two fronts. First, Plaintiff argues that the Magistrate Judge misapplied CPLR 214-c(2) in finding that the Decedent's injury was discovered on January 23, 2018, the day she was admittedly diagnosed with breast cancer. While Plaintiff does not dispute that the Decedent was indeed diagnosed with breast cancer on that date, he now attempts to backtrack from his own pleadings by asserting that the metastasis of that breast cancer is a separate and distinct event. This objection fails to consider that it is the admissions set forth in Plaintiff's own Complaint and the Affidavit submitted by Mr. Palmeri that provided the basis for the Magistrate Judge to reject Plaintiff's late-raised and unpled contention of a second injury. In a separate objection, Plaintiff continues to argue, without any support and in disregard of the pertinent case law, that the Magistrate Judge misapplied 214-c(4)'s discovery of the "cause" of injury provision based on Plaintiff's own unilateral interpretation of the statute. Both of Plaintiff's objections are entirely meritless.

Contrary to Plaintiff's Objections, the Report and Recommendation carefully considered and correctly found "[b]ecause [the decedent]'s injury was discovered on January 23, 2018, she had until approximately January 23, 2021 to file a personal injury lawsuit . . . pursuant to CPLR

214-c(2)". Dkt. 16 at p. 14. In this regard, the Magistrate Judge correctly concluded based on the pleadings, Affidavit of Mr. Palmeri, and medical records that the Decedent passed away as a result of metastatic breast cancer, such that breast cancer is indisputably the "primary condition" at issue for statute of limitations purposes. *Id*. at pp. 12-13. The Magistrate Judge further correctly concluded based on this information that the Decedent was admittedly diagnosed with breast cancer by January 23, 2018, and that metastatic disease "does not represent a separate or distinct injury for purposes of computing the statute of limitations pursuant to CPLR 214-c(2)." *Id*. at 11. The Magistrate Judge correctly applied the law and held that Plaintiff's claims are untimely under CPLR 214-c(2).

Likewise, the Report and Recommendation carefully considered the case law and correctly concluded, "[t]hus, according to New York state law . . . discovery of the 'cause' of injury under CPLR 214-c(4) refers only to a plaintiff's discovery that their injury was the result of exposure to environmental contamination or toxic substance, and not to a plaintiff's discovery of the individual or entity actually responsible for the exposure." Dkt. 16 at pp. 18-19. The Report and Recommendation correctly observes that Plaintiff's interpretation that the "cause" of injury under CPLR 214-c(4) refers to the "causer" is devoid of legal support, and that no cited case law supports Plaintiff's interpretation. *Id*. at p. 19[1]. The Magistrate Judge accurately applied the law and held that Plaintiff's claims are untimely under CPLR 214-c(4).

Plaintiff fails to identify any legitimate error in the Report and Recommendation or the Magistrate Judge's analysis. Instead, Plaintiff's Objections simply repackage the same arguments

---

[1] NL is only the most recent entity alleged by Plaintiff to be the "causer" of radiological contamination at Plaintiff's former property. In 2017, Plaintiff filed a complaint alleging that different companies were the cause of radiological contamination at his property. *See* Dkt. 3-2. At the time NL filed its motion to dismiss, Plaintiff still had pending claims against those other companies alleging that they were the cause of this same contamination. *See* Dkt. 3; Dkt. 3-2. Plaintiff did not dismiss those claims until after NL filed its motion to dismiss. *See* Dkt. 9-2; Dkt. 15-1; *see also*, *Talarico Bros. Building Corp., et al. v. Union Carbide Corporation, et al.*, Case No. 1:17- cv-01041, Dkt. 86.

previously raised, considered, and appropriately rejected following extensive briefing. Plaintiff's Objections do nothing more than attempt to cast doubt on the well-reasoned Report and Recommendation in an attempt to obscure the emptiness of this last-ditch challenge.

The Defendant respectfully submits that the Court should adopt the Magistrate Judge's Report and Recommendation, in its entirety, and dismiss this lawsuit with prejudice.

## ARGUMENT

### I.  STANDARD OF REVIEW

#### a. *Plaintiff Misstates the Standard of Review*

A litigant seeking to object to a Magistrate Judge's report and recommendation must file specific, written objections to the magistrate judge's findings. Fed.R.Civ.P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C). Although a proper objection to a Magistrate Judge's recommendation to grant a dispositive motion is reviewed *de novo*, where, as is the case here, the objection "simply reiterates the original arguments, the Court will review the Report strictly for clear error." *See, e.g.*, *Marotte v. City of New York*, 2019 U.S. Dist. LEXIS 35091 at *3 (S.D.N.Y. Mar. 5, 2019) (emphasis added), *citing IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, 2008 U.S. Dist. LEXIS 92267 (S.D.N.Y. Nov. 3, 2008) (citation omitted); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. June 3, 2008) (noting "[r]eviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (citation omitted); *Kiggins v. Barnhart*, 2004 U.S. Dist. LEXIS 8975, at *1 (S.D.N.Y. May 20, 2004).

Here, Plaintiff's Objections are not new or novel. There was a full and fair opportunity to be heard on them by the Court. These same two arguments were extensively briefed, discussed at length during oral argument and addressed again when the Magistrate permitted counsel to submit

supplemental briefs following oral argument. Based on the case law, Plaintiff must now come forward with evidence of clear error in the Report and Recommendation. However, even if this Court were to undertake a *de novo* review, the Report and Recommendation should still be adopted in its entirety for the reasons set forth in the Defendant's original motion to dismiss and supplemental briefing, in the Report and Recommendation, and herein.

II. THE REPORT AND RECOMMENDATION PROPERLY DETERMINED THAT THE "PRIMARY CONDITION" ON WHICH PLAINTIFF'S CLAIM IS BASED IS BREAST CANCER, AND THAT A METASTASIS OF THAT CANCER, AS A MATTER OF LAW, IS NOT A "SECOND INJURY"

Plaintiff's Objections begin with the same false premise that was propounded in Opposition to Defendant's motion to dismiss, namely that the October 2020 metastasis of the Decedent's breast cancer to other parts of the body, originally diagnosed in January 2018, is a separate and distinct injury. In this regard, Plaintiff asserts that the Magistrate Judge's determination that Plaintiff's injury was discovered as a matter of law by January 23, 2018 was clear error. Plaintiff's Objection is without support in the law and nothing more than a hindsight[2] effort to avoid the consequences of their own pleading.

Initially, Plaintiff asserts that the determination of whether the Decedent had two separate and distinct injuries "is a fact-intensive question not susceptible of resolution on a pre-answer motion to dismiss." Dkt. 17 at p. 1. It is unclear if Plaintiff is now suggesting that, generally, the determination of a second injury cannot be made on a pre-answer motion to dismiss, or based on the allegations in this case specifically. To the extent the former is being alleged, this new argument

---

[2] Defendant notes that although the Magistrate Judge considered Plaintiff's second injury claim, Plaintiff never pled a second injury in their Complaint as Defendant points out in its Reply Memorandum of Law. *See* Dkt. 12 at pp. 1-2. Instead, the second injury argument was not raised until after Defendant filed its motion to dismiss. Defendant submits that the failure to plead a second injury is evidence of the fact that Plaintiff's assertion that the later metastasis is a separate and distinct second injury is nothing more than a hindsight effort to avoid dismissal.

is without legal support. *See e.g.*, *Olmstead v. Bayer Corp.*, 2017 U.S. Dist. LEXIS 129222 (N.D.N.Y. Aug. 15, 2017) (granting motion to dismiss after finding two-injury rule was inapplicable because the alleged second injury was merely an outgrowth, maturation, or complication of the original) (quoting *Suffolk Cty. Water Auth. v. Dow Chem. Co.*, 121 A.D.3d 50, 60 (2d Dept. 2014); *OBrien v. Cty. of Nassau*, 164 A.D.3d 684, 687 (2d Dept 2018) (affirming grant of motion to dismiss where plaintiff failed to show that the injuries allegedly sustained within the limitations period were separate and distinct and qualitatively different from those sustained earlier); *DiStefano v. Nabisco, Inc.*, 282 A.D.2d 704, 705 (2d Dept. 2001) (affirming grant of motion to dismiss because alleged second injury was outgrowth, maturation, or complication of the original contamination).

Likewise, Plaintiff's contention that a second injury determination cannot be made on a motion to dismiss under the allegations in this case is also meritless. Here, the Magistrate Judge's determination that Plaintiff's later metastatic cancer was a worsening of her original cancer diagnosis from January 2018 was reached based on Plaintiff's own pleadings, Mr. Palmeri's Affidavit, and the accompanying medical records that *conclusively* establish the Decedent passed away as a result of *metastatic* breast cancer. Specifically, the Complaint alleges "[t]he Decedent was diagnosed with metastatic adenocarcinoma of the breast and locoregional breast cancer", and further alleges "[t]he Decedent died *as a direct result of* metastatic adenocarcinoma of the breast and locoregional breast cancer…" *See* Dkt. 1-1 at pars. 41, 45 (emphasis added). Similarly, Plaintiff also submitted the Affidavit of Mr. Palmeri and accompanying medical records which establish that following her initial breast cancer diagnosis, the Decedent underwent a PET/CT scan which showed findings of metastatic breast cancer, underwent a biopsy of the liver and an abdominal ultrasound which showed metastatic carcinoma, refers to this metastatic carcinoma as

5

"the breast cancer that spread to her liver, bone, and lymph nodes," and further states in no uncertain terms that "[t]he cause of [the Decedent's] death was determined to be "a direct result of metastatic adenocarcinoma of the breast and locoregional breast cancer." *See* Dkt. 9-2 at pars. 3, 14, 16; Dkt. 9-3 at 13.

Accepting the allegations as true, as the Magistrate Judge was required to do for purposes of this motion to dismiss, it cannot reasonably be disputed that the Decedent's passing was a direct result of her metastatic breast cancer. There is no mixed question of law and fact because the necessary information was before the Court. It is for this reason that the Magistrate Judge did not need discovery or expert submissions to conclude, as a matter of law, that the Decedent's October 22, 2020 diagnosis was a metastasis of the initial breast cancer diagnosis. Dkt. 16 at p. 13. Plaintiff's own allegations, affidavit, and the medical records submitted by him establish that the Decedent was diagnosed with breast cancer in January 2018, and that her breast cancer metastasized to other parts of the body which ultimately resulted in her unfortunate passing. *See* Dkt 1-1 at pars. 41, 45; Dkt. 9-2 at pars. 3, 14, 16; Dkt. 9-3 at p. 13; Dkt. 16 at pp. 10-13.

Plaintiff also accuses the Magistrate Judge of recommending the dismissal of their claims "on the strength of a medical definition drawn from an online resource before NLI was caused to so much as put in an Answer." *See* Dkt. 17 at p. 7. This is a gross mischaracterization of the findings and conclusions of the Report and Recommendation. It is important to note that the Magistrate Judge did not rely on a definition from an online resource as the basis for concluding that Ms. Palmeri's cause of death was metastatic breast cancer, as Plaintiff's Objections seem to suggest. Instead, the definition of "metastasize" was merely cited for the purpose of demonstrating that something labeled by a party as a metastasis is by its very definition a spreading or outgrowth of the original cancer cells from one part of the body to another. The basis for the conclusion that

6

Ms. Palmeri passed away of metastatic breast cancer, however, does not originate from this definition, rather, it comes directly from Plaintiff's own admissions. Stated quite simply, the Magistrate Judge did not need to rely on a definition of metastasis as a basis to conclude that Ms. Palmeri passed away from metastatic breast cancer because the basis for that conclusion is derived from the allegations in Plaintiff's own Complaint, the Affidavit of Mr. Palmeri, and the accompanying records.[3]

Plaintiff's reliance on mischaracterized excerpts from the Decedent's medical records is also unavailing. In particular, Plaintiff's Objections state "[the Decedent]'s medical records from October 22, 2020 indicate that she was diagnosed with 'metastatic breast cancer and that she was seeking treatment for *newly diagnosed* breast cancer to the liver, bone, and lymph nodes." *See* Dkt. 17 at p. 6. On this point, which was also raised in the underlying briefings, the Magistrate Judge correctly considered this argument and rejected it in the Report and Recommendation, noting "[h]ere it is clear from the record that the 'new' diagnosis related to a worsening, spreading, or outgrowth of [the decedent]'s initial breast cancer to other parts of the body, and not a discovery of a new injury or new disease." *See* Dkt. 16 at p. 13. Indeed, the reference Plaintiff has cherry-picked, comes from the "Metastatic breast cancer" subheading of the medical record Assessment and Plan, and is further made in the context of a discussion about metastatic breast cancer. *See* Dkt. 9-3 at p. 13. Plaintiff misconstrues the medical records, at best, and misrepresents them, at worst.

---

[3] Moreover, because the definition of "metastasis" cited by the Magistrate is published on the website of the U.S. National Institute of Health, National Cancer Institute (which is clearly marked as "an official website of the United States Government"), it would have been perfectly appropriate for the Magistrate to take judicial notice of this definition in deciding the motion to dismiss. *Wells Fargo Bank, N.A. v. Wrights Mill Holdings*, LLC, 127 F. Supp.3d 156, 166 (S.D.N.Y. Aug. 31,2015) ("On a motion to dismiss, the Court may take judicial notice of "documents retrieved from official government websites").

31060658.1

In sum, the Magistrate Judge correctly applied CPLR 214-c(2) to the facts as alleged and otherwise demonstrated through Plaintiff's own submissions. CPLR 214-c(2) does not save Plaintiff's claims.

### III. THE REPORT AND RECOMMENDATION PROPERLY DETERMINED THAT DISCOVERY OF THE "CAUSE" OF ONE'S INJURY UNDER CPLR 214-c(4) REFERS TO THE SUBSTANCE THAT CAUSED ONE'S INJURIES AND NOT THE IDENTITY OF THE TORTFEASOR RESPONSIBLE FOR THE SUBSTANCE

The second primary objection cited by Plaintiff rests upon the Magistrate Judge's rejection of Plaintiff's contention that discovery of the "cause" of injury under CPLR 214-c(4) refers to when a party discovers the individual or entity actually responsible for the exposure. *See* Dkt. 17 at pp. 11-14. This objection too is entirely meritless in that the Magistrate Judge correctly considered and rejected Plaintiff's unsupported, unilateral interpretation of CPLR 214-c(4)'s "cause" requirement.

At the outset, the basis for Plaintiff's objection is nothing new or novel. It is the same "cause vs. causer" argument that was briefed in the motion papers, discussed at length during oral argument, and was even the topic of supplemental briefings. Following these briefings, the Magistrate Judge issued a lengthy and thoughtful Report and Recommendation wherein he correctly evaluated and applied the law. Plaintiff disagrees with the Magistrate Judge's [correct] application of CPLR 214-c(4), and therefore, now seeks a second "bite at the apple" through this objection.

As was the case then, and as is still the case now, Plaintiff's interpretation of CPLR 214-c(4) is incorrect and unsupported by the law. As the Magistrate Court correctly notes in its Report and Recommendation, "[i]ndeed, plaintiff has not cited a case where discovery of the 'cause' of injury pursuant to CPLR 214-c(4) is interpreted to mean discovery of the causer of the injury." *See*

Dkt. 16 at p. 19. Instead, case law relied upon by the Magistrate Judge undermines Plaintiff's position. In this regard, the New York Court of Appeals and other New York courts have confirmed that "for all intents and purposes, discovery that a plaintiffs symptoms were attributable to an injury inflicted by an outside force is the same as 'discovery of the cause of the injury' within the meaning of CPLR 214-c(4). *See Wetherill v. Eli Lilly & Co. (In re N.Y. County DES Litig.),* 89 N.Y.2d 506, 513 (N.Y. 1997); *see also, Garner v. NGC Bodily Injury Trust*, 2012 U.S. Dist. LEXIS 115878 (W.D.N.Y. Aug. 16, 2012); *Baldi v. Rocky Point Union Free Sch. Dist.*, 2022 N.Y. Misc. LEXIS 1358 (Sup.Ct. N.Y. Cnty. 2022); *see also* Alexander, McKinney Practice Commentary, N.Y. C.P.L.R. 214-c (2019) ("To take advantage of the one-year extension, therefore, the plaintiff must show that it was not generally accepted in the scientific community that toxic substance x (to which she was exposed) can cause injury (plaintiff's condition), at the time of, and for three years following, the discovery of her condition.").

Despite the case law undermining Plaintiff's interpretation of CPLR 214-c(4), and despite the lack of any authority to support their interpretation, Plaintiff now lobbies this Court to reject the Report and Recommendation and instead apply CPLR 214-c(4) in a flawed manner. The objection is once again meritless.

As set forth in Defendant's Supplemental Submission, the Supreme Court has explained that statutes of limitations represent a persistent legislative judgment that a defendant's right to be free of time barred claims prevails over a plaintiff's right to bring them. *Cal. Pub. Emples. Ret. Sys. v. Ebbers (In re Worldcom, Inc. Sec. Litig.)*, 308 F. Supp. 2d 214, 235 (S.D.N.Y. Jan. 20, 2004) (quoting *United States v. Kubrick*, 444 U.S. 111, 117 (1979)). Although statutes of limitations often make it impossible to litigate otherwise valid claims, that is their very purpose. *Kubrick*, 444 U.S. at 125.   Plaintiff's interpretation is impractical, unworkable, and would

introduce a flood of uncertainty into the statute of limitations thereby undermining the purpose of the statute of limitations as articulated by the Supreme Court. As further noted in Defendant's Supplemental Submission, "New York courts have held that a court's duty to apply the statute of limitations as written outweighs any perceived unfairness or harsh result for a particular plaintiff." *See Broughton v. Chrysler Corp.*, 144 F.R.D. 23, 29 (W.D.N.Y. 1992). The statute of limitations cannot be disregarded even if its application may appear to produce a harsh result. *Petroholding Dominicana, Ltd. v. Gordon*, 2019 U.S. Dist. LEXIS 92421, at *24-25 (S.D.N.Y. June 3, 2019) (quoting *ILGWU Nat'l Ret. Fund v. Levy Bros. Frocks, Inc.*, 846 F.2d 879, 887 (2d Cir. 1988) ("[The] Court is aware that the application of the []statute of limitations leads to a harsh result for Plaintiff . . . However, this Court cannot shirk its duty to apply the law as written."); *see also*, *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984); *Holowecki v. Fed. Express Corp.*, 440 F.3d 558, 563 (2d Cir. 2006); *Carey v. IBEW Local 363 Pension Plan*, 201 F.3d 44, 47 (2d Cir. 1999); *Converse v. Gen. Motors Corp.*, 893 F.2d 513, 514 (2d Cir. 1990) (dismissing claim of plaintiff on behalf of children who died in a motor vehicle accident where Plaintiff filed his claim five days beyond the applicable statute of limitations); *Kao v. Erie Cmty. Coll.*, 2015 U.S. Dist. LEXIS 79752 at *29 (W.D.N.Y. June 18, 2015); *Eaton v. Wayne Cent. Sch. Dist.*, 25 F. Supp. 3d 370, 374 (W.D.N.Y. June 2, 2014). It follows that a court may not entertain a suit where the plaintiff failed to comply with the statute of limitations, even if the court's adherence to the statute denies the plaintiff of any remedy for an actionable injury. *BellSouth Telecomms. v. W.R. Grace & Co.*, 77 F.3d 603, 616 (2d Cir. 1996); *Brevot v. N.Y.C. Dep't of Educ.*, 2007 U.S. Dist. LEXIS 16109, at *28 (S.D.N.Y. Mar. 5, 2007).

## **CONCLUSION**

For the reasons set forth herein, and in the motion to dismiss briefing, Defendant respectfully requests that the Court overrule Plaintiff's Objections, adopt the Magistrate Judge's Report and Recommendation in full, and dismiss Plaintiff's Complaint with prejudice.

**DATED:**   April 9, 2025                              **BARCLAY DAMON LLP**

By: _____
    Carol G. Snider
    Andrew J. Carroll

*Attorneys for Defendants*
*NL Industries, Inc.*
The Avant Building, Suite 1200
200 Delaware Avenue
Buffalo, New York 14202-2150
Telephone: (716) 856-5500
Email: csnider@barclaydamon.com
       acarroll@barclaydamon.com

31060658.1